**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL CHRISTENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-152-CV-DPR |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Supplemental Security Income to Plaintiff Crystal Christensen in a decision dated May 31, 2012 (Tr. 12-21). The Appeals Council denied review. The ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

ANALYSIS

The operative facts and argument are presented in the parties' briefs and will be duplicated only to the extent necessary. Plaintiff argues that the ALJ erred in assessing the claimant's Residual Functional Capacity (RFC) and in granting little weight to the opinion of Dr. Bowers, the claimant's treating psychiatrist (Doc. 9). The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and finds no error in the RFC determination or the weight given to the opinions regarding the claimant's mental impairments.

The ALJ did not err in his RFC determination. He discussed in detail the treatment provided, objective medical findings, and subjective complaints of the claimant regarding each of her severe impairments. The ALJ also properly weighed the medical opinions. The ALJ gave

2

good reasons for the little weight afforded to the opinion of Dr. Bowers, finding it was "based in large part upon the claimant's subjective complaints;" was not well-supported by his treatment notes which consistently reported a Global Assessment of Functioning (GAF) score of 60, indicating moderate psychological symptoms; and was inconsistent with the other medical evidence in the record. The ALJ also gave good reasons for discounting the opinion of Dr. Cottone because other evidence demonstrated that the claimant was more severely limited than Dr. Cottone opined. By explaining his reasoning in weighing those opinions, the ALJ did not commit error. *See Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (quoting 20 C.F.R. § 404.1527(d)(2)).

Despite the existence of some evidence in the record that might support the opposite conclusion, the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the Court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

CONCLUSION

Based upon a thorough review of the record,

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  March 12, 2014**

 /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**